**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ABIDUR RAHMAN,
*on behalf of himself,*
*FLSA Collective Plaintiffs and the Class,*

                Plaintiffs,

-against-

ARM FAST FOOD LLC, MC BROTHERS LLC,
AKOTA FOUR CORP., MOHAMMED MATIN
ARBAB CHOWDURY and SHOFIQUR RAHMAN,

                Defendants.
------------------------------------------------------------X

Case No.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Abidur Rahman ("Rahman" or "Plaintiff") alleges on behalf of himself and others similarly situated, against ARM Fast Food LLC ("ARM"), MC Brothers LLC ("MC Brothers"), Akota Four Corp. ("Akota"), Mohammed Matin ("Matin"), Arbab Chowdury ("Chowdury") and Shofiqur Rahman ("Shofiqur") (collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Rahman was employed at three of Defendants' Subway franchise restaurants as a non-exempt employee from approximately November 5, 2018 to June 25, 2019. Despite working in excess of forty hours per week and ten hours per day, Rahman was not paid all his overtime owed or any spread-of-hours pay. Furthermore, Defendants committed statutory wage violations, by failing to provide Rahman with a proper wage notice upon his hire or annually. Lastly, Defendants retaliated against Rahman by wrongfully terminating his employment after he complained of being improperly paid.

2. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201

1

*et. seq.* ("FLSA") that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that he and others similarly situated, are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread-of-hours premium, (3) statutory penalties for wage notice violations, (4) lost wages for retaliation, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff Abidur Rahman ("Rahman") was and is a resident of Kings County, New York.

8. Defendant ARM Fast Food LLC ("ARM") was and is a domestic limited liability company existing under the laws of the State of New York, with a principal place of business located at 221 7th Avenue, New York NY 10011.

9. ARM was and is Subway franchise restaurant.

10. At all times relevant to this action, ARM has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual

sales over $500,000.00.

11. Defendant MC Brothers LLC ("MC Brothers") was and is a domestic limited liability company existing under the laws of the State of New York, with a principal place of business located at 651 W 169th Street, New York NY 10032.

12. MC Brothers was and is Subway franchise restaurant.

13. At all times relevant to this action, MC Brothers has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

14. Defendant Akota Four Corp. ("Akota") was and is a domestic business corporation existing under the laws of the State of New York, with a principal place of business located at 555 W 42nd Street, New York NY 10036.

15. Akota was and is Subway franchise restaurant.

16. At all times relevant to this action, Akota has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

17. Defendant Mohammed Matin ("Matin"), upon information and belief, was and is a resident of the State of New York.

18. At all times relevant to this action, Matin was and is an Owner of ARM.

19. At all times relevant to this action, Matin was and is an Owner of MC Brothers.

20. At all times relevant to this action, Matin was and is an Owner of Akota.

21. Matin exercised control over the employment terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class Members. Matin had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine

work schedules and (iv) otherwise affect the quality of employment of the Plaintiff, FLSA Collective Plaintiffs and Class Members.  At all times, employees could complain to Matin directly regarding any of the terms of their employment, and Matin would have the authority to effect any changes to the quality and terms of employees' employment. Matin exercised functional control over the business and financial operations of the Defendants.

22. Defendant Arbab Chowdury ("Chowdury"), upon information and belief, was and is a resident of the State of New York.

23. At all times relevant to this action, Chowdury was and is an Owner of ARM.

24. At all times relevant to this action, Chowdury was a manager at ARM.

25. At all times relevant to this action, Chowdury was and is an Owner of MC Brothers.

26. At all times relevant to this action, Chowdury was a manager at MC Brothers.

27. At all times relevant to this action, Chowdury was and is an Owner of Akota.

28. At all times relevant to this action, Chowdury was a manager at Akota.

29. Chowdury exercised control over the employment terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class Members.  Chowdury had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff, FLSA Collective Plaintiffs and Class Members.  At all times, employees could complain to Chowdury directly regarding any of the terms of their employment, and Chowdury would have the authority to effect any changes to the quality and terms of employees' employment.  Chowdury exercised functional control over the business and financial operations of the Defendants.

30. Defendant Shofiqur Rahman ("Shofiqur"), upon information and belief, was and is a resident of the State of New York.

31. At all times relevant to this action, Shofiqur was and is an Owner of Akota.

32. At all times relevant to this action, Shofiqur was and is a manager at Akota.

33. Shofiqur exercised control over the employment terms and conditions of the Plaintiff, FLSA Collective Plaintiffs and Class Members. Shofiqur had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff, FLSA Collective Plaintiffs and Class Members. At all times, employees could complain to Shofiqur directly regarding any of the terms of their employment, and Shofiqur would have the authority to effect any changes to the quality and terms of employees' employment. Shofiqur exercised functional control over the business and financial operations of Akota.

34. The acts of the Defendants charged in this Complaint were authorized, directed or accomplished by Matin, Chowdury and/or Shofiqur individually, by themselves or their agents, officers, employees or representatives, while actively engaged in the management of the Defendants' businesses.

35. At all relevant times, ARM was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

36. At all relevant times, MC Brothers was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

37. At all relevant times, Akota was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

38. At all relevant times, the work performed by the Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the businesses operated by the Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including deli workers and cashiers, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class period").

40. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all of their earned overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiff stated herein is essentially the same as those of the FLSA Collective Plaintiffs.

41. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address

known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

42. Plaintiff also brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including deli workers and cashiers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

43. All said persons, including the Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

44. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

45. The Plaintiffs claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay spread of hours premium, and (iii) failing to provide

proper wage and hour notices, at date of hiring and annually, per requirements of the NYLL.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  The Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

46. The Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  The Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by

individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

48. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

49. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   (a) Whether Defendants employed the Plaintiff and Class members within the meaning of the NYLL;

   (b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class members properly;

   (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiff and Class members for their work;

   (d) Whether Defendants properly notified the Plaintiff and Class members of their hourly

  rate and overtime rate;

(e) Whether Defendants paid the Plaintiff and Class members the proper overtime compensation under the NYLL;

(f) Whether Defendants paid the Plaintiff and Class members the spread of hours premium as required by the NYLL; and

(g) Whether Defendants provided proper wage and hour notices to the Plaintiff and Class members, at date of hiring and annually, as required by the NYLL.

## STATEMENT OF FACTS

50. From approximately November 5, 2018 to June 25, 2019, Rahman was employed on a full-time basis by the Defendants.

51. Rahman was a non-exempt employee.

52. Rahman primary job responsibility was to make sandwiches at the Subway franchise restaurants.

53. Rahman worked at ARM, located at 221 7th Avenue, New York NY 10011, from approximately November 5, 2018 to February 2019.

54. Rahman worked at MC Brothers, located at 651 W 169th Street, New York NY 10032, from approximately February 2019 to April 2019.

55. Rahman worked at Akota, located at 555 W 42nd Street, Suite 14, New York NY 10036, from approximately April 2019 to June 24, 2019.

56. Rahman was paid $13.50 per hour upon his hire.

57. Rahman was paid $15.00 per hour starting in 2019.

58. During Rahman's employment with the Defendants, Rahman worked in excess of forty (40) hours per week.

59. During Rahman's employment with Defendants, Rahman would also work in excess of ten hours per day.

60. The Defendants did not provide a wage notice to Rahman upon his hire; or annually.

61. Although Rahman worked over forty hours per week, Defendants failed to pay Rahman all the overtime he earned.

62. By way of example, during the week of March 27, 2019 to April 2, 2019, Rahman worked 69 hours (and therefore 29 overtime hours). However, Rahman was only paid by the Defendants for 59.33 hours of work (and not paid for approximately 10 overtime hours).

63. Although Rahman worked daily shifts in excess of ten hours, Defendants failed to pay Rahman spread-of-hours.

64. Although the Plaintiff, FLSA Collective Plaintiffs and Class members worked over forty hours per week, Defendants did not pay them all their owed overtime.

65. Plaintiff, FLSA Collective Plaintiffs, and Class members had workdays that exceeded 10 hours in length. Defendants failed to pay them the spread of hours premium as required by the NYLL.

66. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff, FLSA Collective Plaintiffs and Class members.

67. Defendants knowingly and willfully operated their business with a policy of not paying the New York State spread of hours premium to the Plaintiff, FLSA Collective Plaintiffs and Class members.

68. Defendants knowingly and willfully operated their business with a policy of not

providing proper wage and hour notices to the Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

69. The Plaintiff retained Akin Law Group PLLC to represent the Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

70. Rahman would complain about being improperly paid to Chowdury.

71. No remedial action was taken by Chowdury to remedy Defendants' unlawful pay practices.

72. On June 24, 2019, Rahman called Shofiqur on the store phone to verbally complain about not being paid all his overtime owed. Specifically, Rahman told Shofiqur, why do you give me (pay) like this. I work more hours, why do you give less hours than I worked?

73. In retaliation, later that same night, Shofiqur texted Rahman, "Abid Bhai. Tomorrow and Wednesday you will be off." "Call Arbub Bhai which store will work for tomorrow. No more 42 store."

74. Rahman was terminated in retaliation for complaining to the Defendants about being improperly paid.

### FIRST CAUSE OF ACTION
### FLSA – UNPAID OVERTIME

75. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§

207(a)(1) and 215(a)(2).

77. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NYLL – UNPAID OVERTIME

79. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80. Defendants willfully violated the Plaintiff and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

81. Defendants' failure to pay overtime premium compensation caused the Plaintiff and the Class Members to suffer loss of wages and interest thereon. The Plaintiff and the Class Members are entitled to recover from the Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### THIRD CAUSE OF ACTION
### NYLL – UNPAID SPREAD-OF-HOURS

82. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83. Defendants willfully violated the Plaintiff and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

84. Defendants' failure to pay spread-of hours compensation caused the Plaintiff and the Class Members to suffer loss of wages and interest thereon. The Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

### FOURTH CAUSE OF ACTION
### NYLL – FAILURE TO PROVIDE WAGE NOTICE

85. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86. Defendants have willfully failed to supply the Plaintiff and Class Members with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hiring or annually,

containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

87. Due to the Defendants' violations of the NYLL, the Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FIFTH CAUSE OF ACTION
## NYLL – RETALIATION
### *For Plaintiff Rahman Only*

88. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89. Rahman was an employee of the Defendants within the meaning of NYLL § 215.

90. Defendants are employers within the meaning of NYLL § 215.

91. While employed by the Defendants, Rahman complained to the Defendants about Defendants' practice, policy and procedure of not fully paying him for all his overtime hours worked.

92. Rahman's complaints constitute protected activity under the NYLL.

93. Upon complaining to the Defendants about their unlawful employment practices, Defendants retaliated against Rahman by terminating his employment.

94. A causal connection exists between Rahman's complaint to Defendants and Defendants' decision to terminate Rahman's employment.

95. Defendants violated NYLL § 215 by retaliating against Rahman for complaining to Defendants about their unlawful employment practices, policies and procedures that violate the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

   b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

   c. An order tolling the statute of limitations;

   d. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

   e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and supporting regulations;

g.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation and spread of hours pay pursuant to the NYLL and supporting regulations;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium pursuant to the FLSA and NYLL;

i.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

j.  A maximum of $5,000 per Plaintiff to failure to provide a proper wage notice upon hire or annually;

k.  An award of lost wages, retroactive to the date of Plaintiff's termination, for the Defendants' retaliatory actions pursuant to the NYLL;

l.  An award of prejudgment and post-judgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

n.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiffs demand a trial by jury.

Dated: July 2, 2019
New York, New York

                Respectfully submitted,

                **Akin Law Group PLLC**

                */s/ Robert D. Salaman*
                _____

                Robert D. Salaman
                45 Broadway, Suite 1420
                New York, NY 10006
                (212) 825-1400
                rob@akinlaws.com

                *Counsel for Plaintiff, FLSA Collective Plaintiffs and the Class*